S07Y1834. IN THE MATTER OF TERRILL ANDREW TURNER.
(651 SE2d 81)

PER CURIAM.

This matter is before the Court on the Report of the Special Master, Donald L. Swift III, who recommends that Respondent Terrill Andrew Turner be disbarred for his violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 8.4 (a) (4), and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The State Bar filed a Formal Complaint against Turner who did not respond and, therefore, the facts alleged and violations charged are deemed admitted, see Bar Rule 4-212 (a).

As alleged in the complaint and deemed admitted, Turner was hired by three individuals and three companies to represent them in their business of purchasing tax liens. Turner received redemption payments from parties with an interest in the properties but failed to notify his clients that he had received those funds, remit the funds to his clients or deposit them in his attorney trust account. Instead, he diverted to himself over $700,000 of redemption payments owed to his clients and at times issued quitclaim deeds to the property owners, signing them as vice-president of one of his corporate clients even though he was not an officer of the company. He also occasionally forged the signature of a corporate officer of his corporate clients on the deeds. When his clients confronted him about the redemption payments Turner admitted his misconduct, including theft and forgery, and later provided an inventory of the affected properties. Turner did not, however, make restitution to his clients. When served with a Notice of Investigation, Turner filed an untimely response in which he failed to address specifically all the issues set forth in the Notice of Investigation.

Having reviewed the record, we find that by his admitted conduct Turner violated the rules as alleged and we find in aggravation of

discipline that Turner had multiple offenses and showed indifference to making restitution. As violations of all the rules charged except Rules 1.4 and 9.3 may be punished by disbarment, we conclude that disbarment is the appropriate sanction in this case. Accordingly, the name of Terrill Andrew Turner hereby is removed from the rolls of attorneys licensed to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.